IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DION L. GOSSETT,

        Plaintiff,                    No. CIV S-06-1129 GEB KJM P

   vs.

JEANNE WOODFORD, et al.,

        Defendants.            ORDER AND

_____/       FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Several matters are pending before the court.

I.  In Forma Pauperis Application

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff claims defendants are unlawfully denying plaintiff good conduct sentence
2 credit.  Plaintiff seeks an injunction granting plaintiff the good conduct credit he claims he has
3 already earned, a prospective injunction that will ensure that plaintiff receives good conduct
4 credit under certain circumstances, and damages.  Compl. at 35.
5    To the extent plaintiff seeks sentence credit, plaintiff is informed that he must
6 pursue any relief that might result in the reduction of the length of his prison sentence through an
7 application for writ of habeas corpus under 28 U.S.C. § 2254.  Preiser v. Rodriguez, 411 U.S.
8 475, 500 (1973).  Plaintiff is also informed that before plaintiff may bring a federal habeas corpus
9 action based upon any claim, that claim must be presented to and rejected by California Supreme
10 Court.  See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083,
11 1086 (9th Cir. 1985).
12    To the extent plaintiff seeks damages, plaintiff's claim is barred by Edwards v.
13 Balisok, 520 U.S. 641 (1997).  In Edwards, the Supreme Court found that a judgment for
14 damages concerning the application of good conduct credit could not be had unless it was first
15 determined in an action for writ of habeas corpus that the plaintiff was in fact entitled to the good
16 conduct credit.  Id. at 648.
17    For these reasons, the court will recommend that this action be dismissed.
18 Plaintiff is free to pursue an application for writ of habeas corpus in another action before this
19 court and the court will order that the Clerk of the Court send plaintiff the court's application for
20 writ of habeas corpus under 28 U.S.C. § 2254.
21 III.  Miscellaneous Motions
22    On May 24, 2006, plaintiff filed a document titled "petition for writ of mandate."
23 In this document plaintiff seeks certain documents from the California Department of
24 Corrections and Rehabilitation.  Plaintiff fails to cite any federal legal authority in support of his
25 "petition."  Therefore, it will be denied.
26 /////

On May 24, 2006, plaintiff also filed a motion for a preliminary injunction in which plaintiff asks that the court order California Department of Corrections and Rehabilitation officials to award plaintiff the sentence credit he believes he has earned since January 10, 2005. For reasons stated above, the court cannot grant plaintiff this relief in a § 1983 action. The court will recommend that plaintiff's motion be denied.

Finally, on June 30, 2006, plaintiff filed a motion asking the court to appoint plaintiff a "legal designee / runner," at plaintiff's expense. Because the court is recommending that this action be dismissed, plaintiff's motion will be denied. In any case, the court does not appoint "runners" to assist litigants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to send plaintiff the court's form application for writ of habeas corpus under 28 U.S.C. § 2254.

4. Petitioner's May 24, 2006 "petition for writ of mandate" is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 30, 2006 motion for the court to appoint plaintiff a "legal designee /s runner" be denied;" and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED:  January 22, 2007.

_____
U.S. MAGISTRATE JUDGE

1
goss1129.dis(5.24.06)